## C. R. Sims v. The State.

### No. 2528. Decided June 18, 1913.

**1.—Anonymous Letter—Information.**

Where, upon trial of delivering an anonymous letter to a female reflecting upon her virtue and chastity, the information was sufficient, there was no error.

**2.—Same—Insufficiency of the Evidence— Handwriting—Charge of Court.**

Where, upon trial of a delivering an anonymous letter to a lady reflecting upon her virtue and chastity, there was no evidence that the alleged letter was in the handwriting of defendant or that he knew its contents when he delivered it to her and the defendant requested a charge upon this issue, which the court refused, the same was reversible error.

Appeal from the County Court of Titus. Tried below before the Hon. Sam Porter.

Appeal from a conviction of delivering an anonymous letter, etc.; penalty, a fine of $250 and thirty days confinement in the county jail.

The opinion states the case.

*Ward & Ward* and *T. C. Hutchings,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted under information and complaint charging him with delivering an anonymous letter to a young lady teacher, reflecting upon her virtue and chastity. The letter is set out in the complaint and information and is of that nature to support the charge. However, Miss Stewart testified: "I live in Titus County, Texas, near Monticello. I am a school teacher; I boarded at Mr. C. R. Sims. That the defendant, C. R. Sims, over there (pointing to defendant). On the 10th day of February, 1913, I went to the schoolhouse as usual to teach school. Some time afterwards Mr. Sims came along and went to the mail box. The schoolhouse is between his house and the mail box and he always got the mail. I got my mail in his box. As usual he went towards the mail box and came back by the schoolhouse and knocked on the door. I was expecting a letter from someone that morning and it didn't come. He handed me a letter, it was stamped and sealed. It was a little damp and I tore the end open and read the letter. That is the letter (identifies letter). This was in Titus County, Texas."

There is no testimony in the record that this letter is in the hand-writing of appellant, or that he knew its contents when he delivered it to her. The above being all the testimony other than the letter, we hardly think this is sufficient to support the verdict under the law. There should have been some evidence introduced tending to show that the letter was in his handwriting or that he knew its contents. If that proof should be made in another trial, the testimony would authorize a conviction. However, as there is no proof that he knew its contents, we are of the opinion the court should have given the following charge requested by appellant:

"If you believe from the evidence in this case beyond a reasonable doubt that the defendant did deliver to Miss Annie Stewart an anony-mous letter as set out in the information, and if you further believe from the evidence beyond a reasonable doubt that said anonymous letter re-flects on the integrity, chastity, virtue, good character or reputation, then you can not find the defendant guilty, unless you further find from the evidence beyond a reasonable doubt in this case that at the time he so delivered the said letter that he knew the contents of the same. And if you have a reasonable doubt as to whether he knew what was in the letter or not, then you must give him the benefit of such doubt and find him not guilty.

"You can not presume that defendant knew what was in the letter, but before you would be warranted in finding him guilty of delivering the same, as charged, you must believe from the evidence that he knew the contents of the same, and knew that it reflected on the integrity, chastity, virtue, good character or reputation of the said Miss Annie Stewart, and if you have a reasonable doubt as to that you must find him not guilty, and so say by your verdict."

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*